COBB, Judge.
The defendant appeals from his convictions for solicitation to commit sexual battery on a child[1] and solicitation to procure a person *902 under age 16 for prostitution.[2] The defendant raises several points on appeal. We find only one point to have merit, that the trial court reversibly erred in allowing the state to introduce, over objection, a newspaper article reflecting statements attributed by the reporter to the defendant.
Following the defendant’s arrest, an article appeared in the Florida Today newspaper reporting that fact and containing comments attributed by the reporter to the defendant. The defendant objected to introduction of the newspaper article on hearsay and authenticity grounds. The trial court found that the article was self-authenticating and overruled the hearsay objection “as to everything that’s in the article what [the defendant] is quoted as saying.”[3]
The defendant asserts that the trial court erred in concluding that the newspaper article was itself admissible despite the hearsay rule. See §§ 90.801, 90.802, Fla.Stat. The state responds that statements which the defendant gave to the newspaper reporter are not hearsay but rather are admissions of a party opponent and are admissible as an exception to the hearsay rule. The state further points out that under section 90.902(6), Florida Statutes, a newspaper is self-authenticating.
Section 90.801(l)(c), Florida Statutes, defines “hearsay” as follows:
“Hearsay” is a statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted.
Except as provided by statute, hearsay evidence is inadmissible. § 90.802, Fla.Stat. Section 90.803(18), Florida Statutes, contains a hearsay exception for “admissions”:
ADMISSIONS. — A statement that is offered against a party and is:
(a) The party’s own statement in either an individual or a representative capacity;
(b) A Statement of which the party has manifested an adoption or belief in its truth;
(c) A statement by a person specifically authorized by the party to make a statement concerning the subject;
(d) A statement by the party’s agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship or
(e) A statement by a person who was a conspirator of the party during the course, and in furtherance, of the conspiracy. Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member’s participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph.
In this case, the newspaper reporter apparently spoke with the defendant shortly after his arrest and statements which the defendant made to the reporter could constitute admissions just as if they had been heard by someone other than a newspaper reporter. See, e.g., Jackson v. State, 530 So.2d 269 (Fla.1988) (statements made by defendant at hospital to detective, while hearsay, were admissible as admissions); Jones v. Brevard County School Board, 470 So.2d 760 (Fla. 5th DCA 1985) (testimony by dean of students that student told him he purchased speed pills and resold them admissible as admission).
The problem in this case is that the reporter did not testify at trial as to what the defendant said to him. Clearly, this would have been the best evidence of what the defendant had said and such live testimony would have afforded the defendant an opportunity to cross-examine the reporter as to the reporter’s accuracy and recollection as well as other relevant matters. Instead, the state simply introduced an out of court writing generated by the reporter recounting what the defendant had told him. The defendant was denied any opportunity for cross examination. The state fails to cite to and we are *903 unaware of any hearsay exception permitting introduction of out of court statements by way of a newspaper article. A newspaper article, introduced to prove the truth of out of court statements contained therein, constitutes inadmissible hearsay. See 55 A.L.R.3d 663, Admissibility of Newspaper Article as Evidence of the Truth of the Facts Stated Therein.
The state’s argument that the contents of a newspaper article are admissible because a newspaper is self-authenticating misses the mark. Authentication relates to the genuineness vel non of a document. See Ehrhardt, Florida Evidence § 901.1 (1996 ed.). No one here seriously disputes the fact that the article in question was published in a newspaper known as Florida Today. Authentication, however, does not mean that the article is insulated from other rules of evidence governing admissibility. Ehrhardt, at § 902.7. We note that the trial court was misled into its ruling by the attorney for the newspaper at a pretrial hearing on a motion for protective order and to quash subpoena. The attorney asserted that the article was admissible and that the state could not lawfully call the reporter as a witness. We are unaware of any issues of confidentiality of sources or privilege applicable to this situation. Rules governing the admissibility of hearsay may cause inconvenience and complication in the presentment of evidence but the essence of the hearsay rule is the requirement that testimonial assertions shall be subjected to the test of cross examination. 5 Wigmore on Evidence, § 1362 (Chadbourne Rev.1974). As stated by Professor Wigmore, the hearsay rule is “that most characteristic rule of the Anglo-American law of evidence — a rule which may be esteemed, next to jury trial, the greatest contribution of that eminently practical legal system to the world’s methods of procedure.” 5 Wigmore on Evidence, at § 1364.
The admission of the newspaper article over objection constitutes prejudicial and reversible error. The defendant’s convictions are reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
GOSHORN, J., concurs.
W. SHARP, J., dissents with opinion.

. §§ 777.04, 794.011(2), Fla.Stat.

. §§ 777.04, 796.03, Fla.Stat.

. The remainder of the article was admitted pursuant to the defendant's invocation of the rule of completeness given the trial court's overruling of the authenticity and hearsay objections.